UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

C.H. ROBINSON WORLDWIDE, INC.,

    Plaintiff,

v().    Case No. 6:16-cv-20-Orl-37KRS

MICHAEL MOORE ENTERPRISES,
LLC; and MICHAEL MOORE,

    Defendants.

## PRELIMINARY INJUNCTION

Following entry of a Temporary Restraining Order (Doc. 7), the Court conducted a preliminary injunction hearing on January 20, 2016 (Doc. 18). Upon consideration, the Court enters this Preliminary Injunction in accordance with the proposed preliminary injunction jointly submitted to the Court by Plaintiff C.H. Robinson Worldwide, Inc. ("**Plaintiff**") and Defendant Michael Moore Enterprises, LLC ("**Defendant**").

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant—which is no longer in operation—was a commission merchant, dealer, and/or broker of wholesale quantities of perishable agricultural commodities ("**Produce**") in interstate commerce. As such, Defendant is subject to the Perishable Agricultural Commodities Act of 1930 ("**PACA**"), 7 U.S.C. § 499, and the Code of Federal Regulations promulgated thereunder ("**Regulations**").

The trust provisions of PACA establish a statutory, nonsegregated trust under which Defendant is required to hold all trust assets including inventory, proceeds, and accounts receivable from the sale of Produce in trust for qualified beneficiaries until full

payment is made. 7 U.S.C. §499(e)(c)2.

Commission merchants, dealers, and brokers such as Defendant are required to maintain PACA trust assets in a manner such that liquid assets are freely available to satisfy outstanding obligations to unpaid sellers of Produce. 7 C.F.R. §46.46(d). Any act or omission that is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of Section 2 of PACA. 7 U.S.C. §499(b).

Through interstate and/or foreign commerce, Plaintiff sold on credit and delivered to Defendant Produce in the amount of **$156,090.47**, which Defendant has received and accepted but for which it has failed to pay.

Plaintiff properly preserved its interest in the PACA trust by including the requisite statutory language on the face of its billing invoices (7 U.S.C. §499(e)(c)4); accordingly, Plaintiff is a perfected PACA trust beneficiary in the principal amount of **$156,090.47**. Plaintiff has also asserted claims for interest and attorneys' fees.

Plaintiff has demonstrated that the trust has not been maintained, as insufficient trust assets are freely available to pay Plaintiff. The fact that Defendant is closed and out of business, but has failed to pay Plaintiff in full, strongly favors entry of a preliminary injunction.  As such, Plaintiff has demonstrated that: (1) it is likely to succeed on the merits of its PACA claims; and (2) it has suffered and will continue to suffer immediate, irreparable injury and loss due to dissipation of assets subject to the PACA statutory trust, 7 U.S.C. §499(e)(c). *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *see also Tanimura & Antle v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3rd Cir. 2000).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for a Preliminary Injunction (Doc. 6) is **GRANTED as follows**:

1. Defendant Michael Moore Enterprises, LLC ("**Defendant**") is hereby restrained and enjoined from taking any further action whatsoever which violates PACA or the Regulations. In particular, Defendant and its officers, agents, servants, employees, assigns, subsidiaries, financial institutions, customers and attorneys, are all hereby restrained from transferring, dissipating, disbursing, liquidating, or encumbering any and all assets now in their possession and/or under their control covered by or subject to the PACA trust, as well as any and all monies and/or assets hereafter received, including but not limited to any and all accounts receivable, security deposits, refunds, inventory, equipment, vehicles, leasehold interests, real property and/or bank or other accounts.

2. Defendant has informed Plaintiff that it is no longer operating its business. Defendant also has provided Plaintiff's counsel with a detailed account of its affairs, including a list of all known or potential PACA Trust Creditors and records concerning Defendant's current assets, bank accounts, accounts receivable, and accounts payable. In the event that any new or additional PACA Trust Creditors, assets, bank accounts, accounts receivable, or accounts payable are discovered or made known to Defendant while this Preliminary Injunction is in effect, Defendant shall **immediately** provide that

information to Plaintiff's counsel.

3. Within **three (3) business days** of the date of this Preliminary Injunction, Defendant shall serve a copy of this Order by overnight delivery or facsimile upon any and all financial institutions with which Defendant maintains an account and furnish Plaintiff's counsel with proof of such service.

4. Within **ten (10) calendar days** from the date of entry of this Preliminary Injunction, all funds in Defendant's name currently on deposit at Fifth Third Bank shall be deposited in the Court Registry, and shall remain there pending a complete and final adjudication of this lawsuit, or further Order of this Court.[1] Defendant is enjoined from dissipating and/or disbursing these funds in any other matter until they are deposited in the Court Registry.

5. Pursuant to Fed. R. Civ. P. 65(d), this Preliminary Injunction is binding upon Defendant, its officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with it who receive actual notice of this Preliminary Injunction by personal service or otherwise.[2]

---

[1] Defendant has represented that it maintains a bank account at Fifth Third Bank, which contains PACA trust assets including but not limited to proceeds from the sale of Produce.

[2] Defendant Michael Moore has been named as a party to this action, but he has filed for personal bankruptcy. (*See* Doc. 12.) Pursuant to 11 U.S.C. § 362 this matter is stayed as to him, and was stayed before he was served.

6. Absent further Order of this Court, this Preliminary Injunction shall remain in full force and effect until such time as Defendant pays Plaintiff **$156,090.47**, which sum represents Plaintiff's principal claim. Upon Defendant's payment of this sum in full, this Preliminary Injunction shall dissolve.

7. Upon consideration of the facts and circumstances of this matter, the Court finds that no bond shall be required.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 1, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record